SHAW, Judge,
concurring specially.
I concur in the Court’s unpublished memorandum. I write to address James Lomax Wayne’s argument that the trial court erred to reversal in not specifically informing him of his right to withdraw his waiver of counsel. Rule 6.1(b), Ala. R.Crim.P., states: “At the time of accepting a defendant’s waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings.” My review of the record indicates that the trial court did not specifically inform Wayne of this right. The Committee Comments to Rule 6.1 state that “[t]he court is required to inform the defendant that the waiver may be withdrawn since under section (c) the defendant has the burden of requesting counsel if he later decides to withdraw the waiver.” However, Rule 6.1(b) also states: “When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings.” The record indicates that the trial court did just that in this case. The trial court stated: “However, the court has appointed [an attorney] to sit alongside Mr. Wayne at the counsel table to give him any advice if he so desired to ask her any questions.” (R. 10.) I am satisfied that Wayne understood that he could, at any time, invoke the assistance of the attorney sitting beside him. Therefore, I believe that the trial court complied with the spirit, if, perhaps, not the letter, of Rule 6.1(b).